UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re WINSTAR COMMUNICATIONS
SECURITIES LITIGATION

This Document Relates to:  All Actions

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 13 2013

Master File No. 01 Civ. 3014 (GBD)

**FINAL JUDGMENT APPROVING
CLASS ACTION SETTLEMENT**

WHEREAS, Lead Plaintiffs BIM Intermobiliare SGR, Robert Ahearn, and DRYE Custom Pallets (collectively, "Lead Plaintiffs"), on behalf of themselves and the Class (defined below); and Defendant Grant Thornton LLP ("Grant Thornton") (collectively with Lead Plaintiffs, the "Parties"), have entered into a Stipulation and Agreement of Settlement dated July 12, 2013 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the above-referenced litigation (the "Action") against Grant Thornton on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated July 24, 2013 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Class Members; (d) provided members of the Class with the opportunity either to

exclude themselves from the Class or to object to the proposed Settlement, and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on November 13, 2013 (the "Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Grant Thornton; and

WHEREAS, the Court having reviewed and considered the Stipulation, all pleadings and documents filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction**: The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents**: This Final Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on July 12, 2013; and (b) the Notice and the Summary Notice, both of which were filed with the Court on July 12, 2013.

3. **Class Certification for Settlement Purposes**: The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons or entities who purchased or otherwise acquired any of the

2

following securities issued during the period from March 10, 2000 through and including April 2, 2001, and who were damaged thereby: shares of the common stock issued by Winstar; and/or the 14% senior discount notes due 2005, the 14% convertible senior subordinated discount notes due 2005, the 14 1/2% senior deferred interest notes due 2005, the 12 1/2% guaranteed senior secured notes due 2004, the 12 1/2% guaranteed senior secured notes due 2004, the 15% senior subordinated deferred interest notes due 2007, the 10% senior subordinated notes due 2008, the 11% senior subordinated deferred interest notes due 2008, the 12 1/2% senior exchange notes due 2008, the 12 3/4% senior exchange notes due 2010, the 14 3/4% senior discount exchange notes due 2010, the euro-denominated 12 3/4% senior exchange notes due 2010, the 12 3/4% senior exchange notes due 2010, or the 14 3/4% senior discount exchange notes due 2010, all issued by Winstar; and/or any other publicly issued securities issued by Winstar. The following persons are excluded from the Class: (1) William J. Rouhana, Nathan Kantor, and Richard J. Uhl, along with the members of each of their Immediate Family, legal representatives, heirs, successors and assigns and any entity in which these persons has or had a controlling interest; (2) Grant Thornton and the partners of Grant Thornton; (3) the Jefferson Plaintiffs; [and (4) the persons and entities listed on Exhibit A hereto who, pursuant to request, are excluded from the Class.]

4.   **Adequacy of Representation**: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiffs as Class Representatives for the Class and appointing Lead Counsel as Class Counsel for the Class. Lead Plaintiffs and Lead Counsel have fully and adequately represented the Class both in terms of

litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g).

5. **Notice:** The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(7), and all other applicable laws and rules.

6. **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the releases provided for therein, including the release of the Settled Claims (as defined in Paragraph 1(hh) of the Stipulation) as against the Released Parties (as defined in Paragraph 1(ff) of the Stipulation), and the dismissal with prejudice of claims against Grant Thornton), and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and is

4

in the best interests of Lead Plaintiffs and the Class. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Action and all of the claims against Grant Thornton by Lead Plaintiffs and Class Members are hereby **DISMISSED WITH PREJUDICE**, as of the Effective Date. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect**: The terms of the Stipulation and of this Judgment shall be forever binding on Lead Plaintiffs and all Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9. **Releases**: The releases as set forth in Paragraphs 8–11 of the Stipulation (the "Releases"), together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

(a) Each of the Lead Plaintiffs and all other Class Members, and each of their respective past and/or present heirs, executors, estates, administrators, personal or legal representatives, predecessors, successors, assigns, trusts, member and correspondent firms, parents, subsidiaries, divisions, related or affiliated entities, partners, limited partners, general partners, principals, officers, directors, executive directors, managing directors, employees, members, owners, investors, attorneys, investment advisors, agents, servants, subrogees, indemnitors, and insurers, in their capacity as such, shall release and shall be deemed by operation of law to have fully, finally, and forever released, waived, discharged, and dismissed

5

each and every Settled Claim against each and all of the Released Parties, whether or not the Lead Plaintiffs or Class Members executed and delivered a Proof of Claim Form to the Claims Administrator, and are permanently and finally enjoined without the necessity of posting a bond from commencing or prosecuting any actions or other proceedings asserting any Settled Claim either directly, indirectly, representatively, derivatively, or in any other capacity against any of the Released Parties. This injunction expressly extends to all Settled Claims.

(b) Grant Thornton, on behalf of itself and any and all of its predecessors, successors, partners, limited partners, general partners, principals, officers, directors, executive directors, managing directors, employees, owners, assigns, agents, and attorneys, in their capacity as such, shall release and shall be deemed by operation of law to have fully, finally, and forever released, waived, discharged, and dismissed each and every Released Claim Against Plaintiffs as against Lead Plaintiffs, their respective attorneys, and any other Class Member.

(c) **Bar Order:** In accordance with the PSLRA, as codified at 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of any Settled Claims (i) by any person or entity against any of the Released Parties, and (ii) by any of the Released Parties against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, (i) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Released Parties any such claim for contribution, and (ii) the Released Parties are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity, any such claim for contribution.

10. **Rule 11 Findings:** The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal

Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the Action.

11.     **No Admissions:** Neither this Judgment, the Stipulation, any of their terms and provisions, any of the negotiations, proceedings, or agreements connected therewith, nor any matters arising in connection with the settlement negotiations, proceedings, or agreement:

(a)     shall be offered or received against Grant Thornton or any other Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Grant Thornton or any other Released Party with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted against Grant Thornton or any other Released Party in this Action or in any litigation, or of any liability, negligence, recklessness, fault, or wrongdoing of Grant Thornton or any other Released Party;

(b)     shall be offered or received against Grant Thornton or any other Released Party as any evidence, presumption, concession, or admission with respect to any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Grant Thornton or any other Released Party, or against any of the Lead Plaintiffs or any other Class Members as evidence of any infirmity in the claims of the Lead Plaintiffs or the other Class Members;

(c)     shall be offered or received against Grant Thornton or any other Released Party, or against any of the Lead Plaintiffs or any other Class Members, as any evidence, presumption, concession, or admission with respect to any liability, negligence, recklessness, fault, or wrongdoing, or in any way referred to for any other reason as against Grant Thornton or any other Released Party, or against any of the Lead Plaintiffs or any other Class Members, in

7

this Action or any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that Grant Thornton, Lead Plaintiffs, and any other Class Member may refer to the Stipulation to effectuate the protection from liability granted them hereunder or otherwise to enforce the terms of the Settlement;

(d) shall be construed against Grant Thornton or any other Released Party, or against any of the Lead Plaintiffs or any other Class Member, as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; or

(e) shall be construed as or received in evidence as an admission, concession, or presumption that class certification is appropriate in this Action.

12. **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Total Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Total Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

13. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14. **Modification of Settlement Agreement:** Without further approval from the Court, Lead Plaintiffs and Grant Thornton are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Grant Thornton may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. **Termination:** If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Final Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

16. **Entry of Final Judgment:** There is no just reason to delay entry of this judgment as a Final Judgment. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Judgment.

SO ORDERED this 13TH day of November, 2013.

NOV 13 2013

_____
The Honorable George B. Daniels
United States District Judge

**HON. GEORGE B. DANIELS**